IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADWAY PINE BRANDS LLC,<br><br>                                 Plaintiff,<br><br>v.<br><br>OATSLIKEME, *et al.*,<br><br>                                 Defendants. | Civil Action No. 23-cv-1750<br><br>Judge Ranjan<br><br>**FILED UNDER SEAL** |

**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING ASSETS AND MERCHANT STOREFRONTS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY**

This matter is before the Court upon Plaintiff's *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"). The Court has considered the Application, the evidence in the record, and the applicable law.

By the instant Application, Plaintiff Broadway Pine Brands LLC moves *ex parte* pursuant to 35 U.S.C. § 283, Federal Rules of Civil Procedure 64 and 65, and The All-Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restraining assets and Merchant Storefronts, for violations of the Patent Act for the SLIDEAWAY® toy bin ("Plaintiff's Product"). Because Plaintiff has satisfied the requirements for the issuance of a temporary restraining order, and good cause is shown, the Court grants Plaintiff's Application.

## FACTUAL FINDINGS & CONCLUSION OF LAW

1.      Plaintiff, Broadway Pine Brands LLC, is likely to prevail on its Patent Act claim at trial.

2.      Borne from the minds of the loving parents of 5 children, the Plaintiff's patented product solved the challenging problem of cleaning up small toys that a creative child has spread out to explore and play with on the floor. The toys are stored in a decorative storage bin that has a play mat integrated into it. The toys are spilled from the storage bin onto the integrated play mat and do not escape from the system. The mat is large enough for the child to spread all their toys out but still fits neatly into the storage bin with the toys on it. To clean up, the draw string handles are pulled to gather the mat with the toys back into the storage bin. The lid of the bin is then closed and the decorative storage bin, holding the play mat, and all the toys, may be placed in the room as desired.

3.      Plaintiff sells its toy storage bin under U.S. registered trademark SLIDEAWAY®[1] toy bin.

4.      The innovative features of Plaintiff's Product are the subject of U. S. Patent No. 11,154,128 entitled "storage container with an integrated mat" ("Plaintiff's Patent").

5.      Defendants, by operating Internet based e-commerce stores, and fully interactive, commercial Internet websites operating under Defendants' respective seller identities set forth on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, sold, and offered for sale that Plaintiff has determined is not a genuine SLIDEAWAY® Toy Bin product and infringe at least one claim of the Plaintiff's Patent.

---

[1] U.S. Reg. No. 5994698 for "fabric sided toy storage container in the nature of a toy box or toy chest having an integrated play mat." in class 20 ("Plaintiff's Mark").

6. Through the e-commerce marketplace platforms, Plaintiff accessed all of the e-commerce stores operating under Defendants' Seller IDs and captured the Defendants' listings at issue on the e-commerce stores. At the conclusion of the process, the detailed webpages and photographs were inspected by Plaintiff's representative who confirmed that each Defendant is offering for sale products that infringe upon at least one claim of the Plaintiff's Patent ("Infringing Products").

7. Plaintiff is likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. There is good cause to believe that the unauthorized and unlicensed offering for sale and sale of Infringing Products will continue in the marketplace, that consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised, and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which they operate. There is also good cause to believe that if Plaintiff proceeds on notice to Defendants of this Application, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs, thereby thwarting Plaintiff's ability to obtain meaningful relief. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

8. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

9. The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests and protect the public from being deceived and defrauded by the passing off of Defendants substandard goods as Plaintiff's genuine goods.

10. Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages. Therefore, this Court has the authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff and preserve the Defendants' ability to at least partially satisfy a judgment.

11. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' illegal and infringing activities. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows (the "Order"):

### I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Patent, distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing,

distributing, returning, or otherwise disposing of, in any manner products that infringe upon at least one claim of the Plaintiff's Patent;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[2] Merchant Storefronts[3] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works

---

[2] As defined in the Complaint, a "User Account" is any and all accounts with online marketplace platform, including, Amazon.com, eBay.com, aliexpress.com, Joybuy, Temu.com, Walmart.com, and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[3] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon Services, LLC d/b/a Amazon.com, and Amazon Payments, Inc. d/b/a Amazon Pay (collectively "Amazon"), Joybuy Marketplace operated by Jingdong E-Commerce (Trade) Hong Kong Co. , Ltd and JD E-Commerce America (collectively, "Joybuy"), Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), eBay, Inc. d/b/a ebay.com, Walmart Inc. and Wal-Mart.com USA, LLC, wish.com, Alibaba.com US LLC d/b/a Alibaba.com and Aliexpress.com ("Third Party Service Provider(s)''), and financial institutions, including but not limited to Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")[4],

---

[4] WorldPay US, Inc. ("WorldPay") processes transactions on behalf of Alibaba and Alipay, which may appear as "Aliexpress" on a cardholder's credit card statement.

Amazon Payments, Inc., Walmart Pay, PayPal, Inc. d/b/a paypal.com, and Context Logic, Inc. d/b/a wish.com ("Financial Institutions,")[5] and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;[6]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provider Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial

---

[5] Plaintiff acknowledges it is seeking multiple forms of relief. Plaintiff will promptly provide supplemental briefing or oral argument on any issue should the Court request it.
[6] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovery Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) This Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing on at least one claim of the Plaintiff's Patent;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within five (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C.    IT IS HEREBY ORDERED, as sufficient cause has been shown, that, upon Plaintiff's request, within no later than five (5) calendar days of Plaintiff's request:

(1)  Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc. (collectively "Amazon"), are hereby restrained and enjoined, pending the hearing and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court, from processing payments for any products listed under the following Amazon Standard Identification Numbers ("ASINs"): B081TLWF48 (Grey Stripe); B087GCRB15 (Heather Beige); B089BR8WJ7 (Heather Blue); and B081TJLZHQ (Heather Gray) by any Seller that has not been authorized by Plaintiff; Plaintiff shall provide notice to Amazon of Plaintiff's authorized sellers;

(2) Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall place the following Amazon Standard Identification Numbers ("ASINs"):  B081TLWF48 (Grey Stripe); B087GCRB15 (Heather Beige); B089BR8WJ7 (Heather Blue); and B081TJLZHQ (Heather Gray), into Amazon's gating program, so that Plaintiff will be able to control which sellers list product under these ASINs; and

(3) Upon Plaintiff's request, Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall remove listings and/or advertisements for any product that Plaintiff identifies as infringing on at least one claim of the Plaintiff's Patent (i.e., preventing a seller from listing for sale under the identified ASIN);

(4) Upon Plaintiff's request, a Third-Party Service Provider shall remove listings and/or advertisements for any product that infringes on at least one claim of the Plaintiff's Patent; and

(5) this Order shall remain in effect during the pendency of this action or until further order of the Court.

## II. Order to Show Cause Why a Preliminary Injunction Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, via ZoomGov videoconference on **November 13, 2023 at 11:30 a.m.** why a preliminary injunction, pursuant to FRCP 65(a), should not issue. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.**

B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Ference & Associates LLC at 409 Broad Street, Pittsburgh, Pennsylvania 15143 before **October 25, 2023**. Plaintiff shall file any Reply papers on or before **October 27, 2023**.

C. After Plaintiff's counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiff shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post copies of the Complaint, Application, this Order, any Discovery, and all other

pleadings and documents filed in this action on a website designated by Plaintiff,[7] and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiff or by other means reasonably calculated to give notice which is permitted by the Court.

### III. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

(1) Plaintiff may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

(2) Plaintiff may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

(3) Plaintiff may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in

---

[7] Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *Pate v. Gov't of the Virgin Islands*, 2015 WL 1937701 n.9 (VI Sup. Ct. April 17, 2015); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

(1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

(2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

(3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

(4) Defendants' unauthorized and unlicensed use of Plaintiff's Patent and/or Plaintiff's Mark.

## V. Security Bond

IT IS FURTHER ORDERED that Plaintiff shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $5000 Dollars (Five Thousand Dollars) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VI. Summons

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of "OATSLIKEME and all other Defendants identified in the Complaint" that will apply to all Defendants.

**SO ORDERED.**

SIGNED this 11th day of October, 2023
Pittsburgh, Pennsylvania

                                              s/ J. Nicholas Ranjan
                                              UNITED STATES DISTRICT JUDGE

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 1 | oatslikeme | 2226011197359 |
| 2 | BABYS WE | 30396119695 |
| 3 | BeSSLe | 634418209282881 |
| 4 | Best Goods For Home | 5084275913503 |
| 5 | Bubercute | 634418209393893 |
| 6 | Castle Sky | 634418211266683 |
| 7 | Childhood | 297185560009 |
| 8 | DOOMEDHAPPY | 4910343474863 |
| 9 | EffStor | 634418210862593 |
| 10 | Eternity Shop | 18444271224 |
| 11 | HOME HAVE FUN | 634418210865351 |
| 12 | Hoom Journal | 634418209814771 |
| 13 | HS Fashion | 725723666807 |
| 14 | Jiaqi home decoration | 3037950035924 |
| 15 | JJY Home | 5680933947720 |
| 16 | Joy and peace | 634418211536759 |
| 17 | Lie flat | 6168057423442 |
| 18 | OverFlight | 5470357509305 |
| 19 | Panda Pet Supplies | 111775825809 |
| 20 | Perfect Boutique Gift | 634418209474836 |
| 21 | SS BAG | 20579235444 |
| 22 | Taole household daily | 3836049340583 |
| 23 | Xinyi home life | 114554890681 |
| 24 | Yuze Commerce | 4532226409081 |
| 25 | Z L M | 324951136695 |
| 26 | AP Warmmer Household | 1102735257 |
| 27 | BAKINGCHEF Store | 1100928675 |
| 28 | Blite Official Store | 1101333666 |
| 29 | CACILLO 01 Store | 1103043480 |
| 30 | CACILLO Flagship Store | 1102732147 |
| 31 | Glutinous Life Store | 1102409387 |
| 32 | Holiday Store | 1102014993 |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 33 | Home Have Fun Store | 1102896345 |
| 34 | HomeLife Store | 1101891485 |
| 33 | Kingbombs Store | 1101781396 |
| 36 | Kirin Household Products Store | 1102108826 |
| 37 | Life Kitchen Home Store | 1102168687 |
| 38 | Lovely home furnishing | 1102055155 |
| 39 | Luckima Home-Storage | 1101441432 |
| 40 | McPhee Store | 1101828762 |
| 41 | MIMIGO Store | 1101555865 |
| 42 | MJ Smile Life Store | 1102178728 |
| 43 | MYOBO Storage Store | 1102802919 |
| 44 | RUICHENG OFFICIAL Store | 1102304646 |
| 45 | Shop1102311339 Store | 1102311340 |
| 46 | Shop1102627453 Store | 1102627454 |
| 47 | Shop1102637489 Store | 1102633557 |
| 48 | Shop1102693333 Store | 1102693334 |
| 49 | Shop1102800715 Store | 1102801674 |
| 50 | Shop1102994646 Store | 1103000250 |
| 51 | SHUYA Store | 1100780537 |
| 52 | Space Management Store | 1102119441 |
| 53 | star moon Store | 1102650876 |
| 54 | Starfish baby Store | 1101802219 |
| 55 | Super-Rich Homesupply Store | 1101383496 |
| 56 | XiuXin Store | 1102867104 |
| 57 | Y space Store | 1102024464 |
| 58 | Yaloo Charms Store. | 1100483768 |
| 59 | YHSMTG Two Store | 1101879192 |
| 60 | YJY Home Collection Store | 1102410396 |
| 61 | ZYJJ Store | 1101820645 |
| 62 | 5U+ Garden | A1FL4ZI5WG3U2J |
| 63 | Be-MySelf | ANKB1M5QJ83N8 |
| 64 | bingneng | ATLMC1D70XVXR |
| 65 | CZ-KJ | A37Q4R7Y1TDRX6 |
| 66 | Debs Direct | A2BYWZ00A3JOF5 |
| 67 | FUXUAN115 | A11L872DHOL45A |
| 68 | Gifmore | AL7E8BVK56KOT |

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 69 | MAOHE | A31N40BLZRHPI4 |
| 70 | Shenzhen span Technology Co., Ltd. | ATAEVXT6UVBQ6 |
| 71 | TIAYIA FASHION HOME | A2EBDYW01WUAIP |
| 72 | Wetrybest | A32ETYWNFCF8VG |
| 73 | YINGYI verla | A3GO44XH4LSOQN |
| 74 | ZHIXIONGLI | A2UBX46Q8OW3LC |
| 75 | ZWINNIRD | A2W4UFAHKF1941 |
| 76 | Shenzhen Hongfu Wuzhou Technology Co., LTD | 9324 |
| 77 | Shenzhen Greinijia trading Co., LTD | 14080 |
| 78 | Audrey Beauty | 101340604 |
| 79 | BOTE LLC | 101242499 |
| 80 | HXUUAE LLC | 101341786 |
| 81 | Jasper | 101267936 |
| 82 | Junhui Trading Co., Ltd | 101253947 |
| 83 | MMolecule | 101367180 |
| 84 | PProton | 101290398 |
| 85 | Qi Xun Ha Beauty Co., ltd | 101282044 |
| 86 | Swonuk | 101095000 |
| 87 | TUOFENG Co. Ltd | 101280342 |
| 88 | VASYL Flagship store | 101213681 |
| 89 | Wanghero | 101302606 |